CADWELL et al. v. MOTZ TIRE & RUBBER CO.

(Circuit Court of Appeals, Second Circuit. June 22, 1915.)

No. 303.

PATENTS ⚙️328—VALIDITY AND INFRINGEMENT—VEHICLE TIRE.

The Cadwell patent, No. 887,997, for a vehicle tire, which is of solid rubber with recesses in the side and preferably with cells in its base, is for an improvement in structures of the prior art, and the claims are limited to the particular improvement described therein. As so construed, *held* not infringed by the structure of another improver.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree dismissing the bill in a suit for infringement of patent. The patent sued upon is No. 887,997, issued May 19, 1908, to Edwin B. Cadwell for a vehicle tire.

Albert T. Scharps, of New York City (Thomas B. Kerr, of New York City, of counsel), for appellants.

Jesse B. Fay and Jno. F. Oberlin, both of Cleveland, Ohio, and Chas. W. Stapleton, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The invention relates to cushion tires, the so-called solid rubber as distinguished from pneumatic tires. The tire is preferably constructed of soft vulcanized rubber with recesses formed in its side and cells in its base. The arrangement of these cells and recesses is such that the rubber, when under compression due to the load of the vehicle, will flow evenly into the cells and recesses and thus impart the qualities termed cushioning.

The specification states:

"When tires are made from solid rubber, the rubber when under compression, can flow but in two directions, namely, in the longitudinal direction of the tire and laterally. This being the case, it will be seen at once that the flow of the rubber in the longitudinal direction would be very short for the reason, that it would be flowing in a direction tending to compress the rubber in a direct line of the tread of the tire, and therefore most of the rubber tends to flow laterally; since rubber cannot be compressed, but must flow by displacement, it is easy to see that a tire composed of a solid section might easily be forced beyond the elastic limit of the rubber, and thereby permanently weaken the same."

"In the present invention the spacing of the recesses and cells is such that the rubber may flow evenly in all directions from the line of compression, and thereby prevent excessive strains, which would cause rapid disintegration and destruction of the tires."

Describing the structure of his tire in more detail the patentee says:

"In Fig. 1 I show the recesses formed V-shape and extending from the sides across the center of the tire. The recesses on one side alternate throughout the length of the tire with the recesses on the opposite side thereof, and with the cells formed in the base, and spaced between the said recesses, and extending upward to about the center of the tire; these cells in the base of the tire are practically sealed when said tire is placed in the metal channel

piece usually on the felly of the wheel, and into which the base of the tire fits, and thereby the chambers so made are filled with air which give to the tire pnuematic properties.

"In Figs. 5 and 6 the recesses do not extend across the center of the tire but are opposite each other, and form thereby a central web section, which extends from the base of the tire to the tread surface forming an unbroken web between these cells and recesses; this form is provided for the driving wheels of a vehicle, such as the driving wheels of an automobile, for the reason that the longitudinal strength of the tire is thereby strengthened. The binding wires D are arranged as shown, one of them on each side of the tire and one extending at the center of the tire longitudinally through the solid portion of the rubber, and are united at the ends in the usual manner well known to the art, when the tire is fitted in the channel piece."

The patentee refers to a prior structure of his own devising, in which the recesses extended upward through the tread, and states that, in the new structure, "by maintaining the tread section unbroken I prevent the tire from collecting dirt, gravel and mud and throwing same when the vehicle is moving rapidly, which is objectionable."

The claims relied on are 7, 9, 10, 13, 14, and 15, which do not contain the "cells" as an element; defendant's structure has no cells. Of these claims 7, 9, 10, and 15 cover side recesses which contract toward the center of the tread, a feature not found in what complainant contends are the recesses of defendant's tire. Claims 13 and 14 are as follows:

"13. A tire having a plurality of recesses in each of its sides which terminate near the center thereof and are adapted to contract under tread pressure, said tire presenting an unbroken tread surface substantially as shown.

"14. A tire having a plurality of recesses in each of its sides which extend less than the width of said tire and are adapted to contract under tread pressure, said tire having an unbroken tread surface substantially as shown."

Defendant's tread differs from the tread of the patent in having a circumferential valley in the tread having dual lobes. This so-called "valley" is well illustrated in Fig. 1 of Motz patent, No. 925,937, issued June 22, 1909, under which defendant manufactures.

Defendant also makes tires, having the lobes C without the bridges E between them. The tread of the patented structure is flat-faced, it has neither transverse recesses nor a circumferential valley or groove to break its surface.

The art was a crowded one, showing many ingenious structures; but, tested by all the prior patents in evidence (save one), we find no anticipation of the particular combination of recesses and cells which Cadwell disclosed, and are inclined to hold his type of tire patentable—it differs from the whole group of prior inventions. But the prior art also contains a patent to Cadwell himself for the structure, with broken tread, to which he refers in the specifications of the patent in suit. This prior patent is No. 846,453, issued to Cadwell March 12, 1907. Except that in the patent in suit the side recesses do not extend upward, and therefore the tread is unbroken the two structures are identical. In substance, Cadwell has merely surrounded his old tire with a rubber tread which covers over the recesses and presents, upon rotation, a flat surface to the ground. It may be that the addition of this unbroken tread was a patentable improvement—we need not decide that question now—but the fact that Patent Office so decided and

issued a patent (No. 887,997) for the improved device does not eliminate the structure shown in the earlier patent from the prior art. What has happened is this: Cadwell has added to the novel combination shown in 846,453 a flat-faced unbroken tread; defendant has added to the same combination a tread which is not flat-faced, nor in a sense unbroken, since it has the deep circumferential valley dividing the tread into two parts. It seems to us that each improver is entitled to his particular form of improvement, and that neither can stop the other from using the same with an interior combination which was disclosed in a patent, which antedates both improvers.

Decree affirmed with costs.